UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-2560 JGB (SPx)** | Date | March 5, 2025 |
|---|---|---|---|
| Title | ***John Roe NR 52 v. Doe 1 et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:    **Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 13); (2) GRANTING Application to Seal (Dkt. No. 15); and (3) VACATING the March 10, 2025 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff John Roe NR 52's motion to remand.  ("Motion," Dkt. No. 13.)  The Court finds this matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering all papers filed in support of and in opposition to the motions, the Court **DENIES** the Motion and **VACATES** the March 10, 2025 hearing.

## I.    BACKGROUND

On August 26, 2024, Plaintiff John Roe NR 52 ("Plaintiff") filed a complaint in the Superior Court of California for the County of San Bernardino against Defendants Doe 1, Doe 2, and Doe 3, and Does 4–100 ("Defendants").  ("Complaint," Dkt. No. 1-1.)  Defendants Does 1, 2, and 3 are not truly fictitious Doe Defendants, instead they are designated as Does in compliance with California Code of Civil Procedure § 340.1(k), which requires Plaintiffs who are over forty years old and bringing childhood sexual assault claims to name any defendants with a "Doe" designation "until there has been a showing of corroborative fact as to the charging allegations against that defendant."  Doe 1 is the Church of Latter-Day Saints ("Church"), a Utah corporation; Doe 2 is the Temple Corporation, a Utah nonprofit corporation; and Doe 3 is the "Stake," the local geographical unit within the Church.  ("Notice of Removal," Dkt. No 1 ¶ 7; Compl. ¶ 5–7; "Richmond Decl.," Dkt. No. 1-9.)  Here, the local congregation (the "ward" or "branch") where the abuse is alleged to have taken place gathers at a meetinghouse that is owned by Doe 1, the Church in Utah.  (Notice of Removal ¶ 11.)

Plaintiff is a resident and alleged to be a citizen of San Bernardino. (Compl. ¶ 3; Notice of Removal ¶¶ 5–6.) Plaintiff alleges he was abused at a meetinghouse of the Church in Yucca Valley at least five times between the ages of thirteen and fourteen. (Compl. ¶ 2.) He alleges the victim of unlawful sexual assault, molestation, abuse, and other misconduct by a Perpetrator Bishop Morrow. Plaintiff brings state law claims for negligence, negligent supervision of a minor, sexual abuse of a minor, negligent hiring, supervision, and retention, negligent failure to warn, train, or educate, and breach of mandatory duty. (Compl. ¶¶ 56–98.)

On December 2, 2024, Defendants removed the action based on diversity jurisdiction. (Notice of Removal.) On January 2, 2025, Plaintiff filed the Motion. (See Motion.) Defendants opposed the Motion on February 10, 2025. ("Opposition," Dkt. No. 17.) Defendants also submitted an application to seal.[1] ("Application," Dkt. No. 15.) Plaintiff replied on February 18, 2025. ("Reply," Dkt. No. 24.) During and after the briefing, Defendants filed several notices of new authority. (Dkt. Nos. 21–23, 25–26.)

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. A removing defendant must file a notice of removal within thirty days after receipt of the initial pleading. Id. § 1446(b).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

//
//
//

---

[1] The Court **GRANTS** Defendants' application to seal three documents (one set of church membership information, and two sets of public records) containing Plaintiff's personally identifiable information. (Application.) Jane Doe No. 1 v. Fitzgerald, No. CV 20-10713, 2021 WL 9721325, at *1 (C.D. Cal. Oct. 12, 2021) ("The public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.").

## III.  DISCUSSION

Plaintiff argues the Court lacks diversity jurisdiction and the Court should remand.  The Court **DENIES** the motion.

### A.  Doe 3 Citizenship

Diversity jurisdiction in this case turns in part on whether Plaintiff can establish a cause of action against Doe 3, the local stake covering Yucca Valley.  Plaintiff's allegations concede she is a resident of California (and Defendants allege she is a citizen of California), and Defendants Does 1 and 2 are citizens of Utah.  (Compl. ¶¶ 3, 5, 6; Notice of Removal ¶¶ 5, 6.).  Thus, if Doe 3 is a citizen of California, as Plaintiff argues, the parties are not diverse, and the Court must remand.

It is well settled that a corporation is a citizen of every state in which it has been incorporated and of the state in which it has its principal place of business.  3123 SMB LLC v. Horn, 880 F.3d 461, 462–63 (9th Cir. 2018); 28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is the location from which its "officers direct, control, and coordinate the corporation's activities."  Hertz Corp. v. Friend, 559 U.S. 77, 92–93 (2010).

While an "incorporated subsidiary" of a corporation may "possess citizenship independent of its parent corporation," an "unincorporated division" shares the citizenship of its parent corporation.  Breitman v. May Co. California, 37 F.3d 562, 564 (9th Cir. 1994).  Unincorporated divisions are not "formal[ly] separate[]" from their parents, and so are not "independent entit[ies] for jurisdictional purposes."  Id. (quoting Schwartz v. Electronic Data Systems, Inc., 913 F.2d 279, 284 (6th Cir.1990)).

Doe 3 is not a separate entity for jurisdictional purposes.  Plaintiff does not plausibly allege that Doe 3 is separately incorporated.  Plaintiff alleges that Doe 3's "principal place of business" is in Yucca Valley, California, that Stakes "create[] and maintain[] meticulous sets of membership records," and have some internal governance mechanisms.  (Compl. ¶¶ 7, 34.)  Plaintiff does allege that Doe 3 is "registered to do business in California," but that does not speak to where or if Doe 3 is incorporated.  (Compl. ¶ 7.)  At its core, Plaintiff's Complaint repeatedly emphasizes that Doe 3 is a "division" and "subsidiary" of the LDS Church, not a distinct entity.  (Compl. ¶ 7.)  The membership records Plaintiff seeks are "reviewed and controlled by DOE 1," not the stakes that produce them.  (Compl. ¶ 34.)  Plaintiff also confirms Doe 1, the Church, "is and was at all relevant times herein mentioned, the religious entity, located at Twentynine Palms, California, through which Perpetrator Morrow held and used his position as 'Bishop' to groom and sexually abuse Plaintiff," not Doe 3, the local stake.  (Compl. ¶ 5).

Plaintiff cites two lines of authority in support, but both are inapposite.  In one, Plaintiff argues that California federal courts have remanded in similar types of lawsuits brought against the Mormon church, but in each cited case, the Stake had some type of formal business status.

Geppert v. Church of Jesus Christ of Latter-Day Saints, Inc., No. 23-CV-05763, 2024 WL
495255, at *1–*2 (N.D. Cal. Feb. 8, 2024) (stake is incorporated).  In the other, Plaintiff likens
this case to a line of case law where the citizenship of unincorporated associations is determined
by their membership.  But in those cases, the unincorporated associations were independent
entities, not unincorporated divisions of a corporate parent.  See, e.g., Barr v. United Methodist
Church, 90 Cal. App. 3d 259, 270–72 (1979) (finding the entire United Methodist Church to be
an unincorporated association capable of being sued, not a local denomination of an otherwise
incorporated church); Lumbermen's Underwriting All. v. Mobil Oil Corp., 612 F. Supp. 1166,
1167 (D. Idaho 1985) (suing independent reciprocal insurance exchange).

Doe 3 is a division of Doe 1 for jurisdictional purposes and thus a citizen of Utah.  There
is complete diversity, and the Court denies remand on this basis.[2]

## B. Fictitious Defendants

Plaintiff also argues that Does 1, 2, and 3 are sued under fictitious names, so their
diversity should be disregarded for diversity purposes, and the case remanded because there is no
diversity jurisdiction over stateless defendants.  (Reply at 2.)  Setting aside the fact that Plaintiff
raises this argument for the first time in reply, the Court is not persuaded.  Generally, under the
diversity statute, doe defendants lack citizenship for the purposes of determining diversity.  28
U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the
jurisdiction under section 1332(a) . . . , the citizenship of defendants sued under fictitious names
shall be disregarded.").  However, unlike the run-of-the-mill doe defendant, both parties know
and agree who the Does are in this case.  They are not "fictitious."  They are only sued as Doe
Defendants due to California's procedural requirements in child sexual abuse cases.  The Court
follows other courts in this Circuit that have denied remand under similar circumstances.  John
Roe CS 88 v. Doe 1, No. CV 24-11154, 2025 WL 485121, at *3–*4 (C.D. Cal. Feb. 13, 2025)
(observing that interpreting the removal statute otherwise "would permit state legislatures to
exempt entire classes of defendants from federal diversity jurisdiction, even when the identities
of those defendants are known."); Collins v. Garfield Beach CVS, LLC, No. CV 17–3375, 2017
WL 2734708, at *2 (C.D. Cal. June 26, 2017).

## C. Plaintiff's Citizenship

Plaintiff also argues that Defendants' Notice of Removal is defective because though it
alleges his citizenship, it relies on his complaint which only alleges his residence.  (Motion at 21–
22).  Kanter v. Warner-Lambert Co., 265 F.3d 853 (9th Cir. 2001) ("A person residing in a given
state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

---

[2] While Defendant's removal before service of process may present challenges to
Plaintiff, it is not improper.  Mayes v. Am. Hallmark Ins. Co. of Texas, 114 F.4th 1077, 1079 (9th
Cir. 2024).

But in its Notice of Removal, Defendants must only "allege affirmatively" Plaintiff is a citizen of California, and did so here.  Kanter, 265 F.3d at 857. (Notice of Removal ¶¶ 5–6.)  At this stage, where Plaintiff alleged he is a resident of California in her complaint (Compl. ¶ 3) and has not presented any evidence to dispute that citizenship, Defendants have met their burden to survive a motion to remand.  Ehrman v. Cox Commc'n, Inc., 932 F.3d 1223, 1228 (9th Cir. 2019).

## IV.  CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's motion to remand.  The Court **VACATES** the March 10, 2025 hearing.

**IT IS SO ORDERED.**